(No. 40800.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES WEGNER, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

ALLAN A. ACKERMAN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOHN M. GOLDBERG, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, James Wegner, pleaded guilty to a charge of burglary in the circuit court of Cook County, and was sentenced to a term of not less than one nor more than four years in the penitentiary. Subsequently he filed a petition for post-conviction relief which was denied without hearing. Defendant now appeals to this court from the order denying the petition.

The gist of defendant's petition was that "he was wrongfully induced to plead guilty, by deception, coercion, or otherwise." In support of this allegation he submitted the affidavit of his mother to the effect that defendant's privately retained counsel called her and stated that he had made an arrangement that if the defendant pleaded guilty he would receive a maximum sentence of thirty to ninety days in jail. She further stated that her son was induced to plead guilty on the basis of such representations.

The State filed a motion to dismiss the petition together with the affidavit of defendant's trial counsel wherein he denies advising defendant or his mother that he would be sentenced to thirty to ninety days, but on the contrary discussed the fact that defendant would receive a sentence of one to four years if he pleaded guilty.

After argument on the motion, the trial court dismissed the petition without hearing evidence. The rationale of the trial court's decision is contained in the following colloquy:

"THE COURT: * * * The question here is whether or not, again I will say the question here is whether or not taking that statement to be true or taking the affidavits that it presents a triable fact as to whether a constitutional right was violated, if I hold after hearing all the evidence that the private lawyer in effect did tell her that her son would get thirty days to ninety days and hold that is true that that actually did happen that I would be required to vacate the plea of guilty.

"Mr. ACKERMAN: That is what I am saying.

"THE COURT: I don't think so. I don't think so. I think

there is a difference between public officials and private lawyer.

"Mr. ACKERMAN : It is your Honor's feeling that, if we may state for the record, that in spite of the fact that your Honor is now suggesting were you to find that this plea of guilty was induced or came about because an attorney—

"THE COURT : No, if I were to find that the only thing in the evidence which could not be refuted to take it to the Supreme Court that if we were to put ourselves in the position where we would constantly be at the mercy of a lawyer to come in at any time, a private lawyer to come in any time thereafter and say he told the Defendant he was going to get something less than he did in fact get that that would render the plea of guilty void. I say no."

The first issue presented on this appeal is whether the misrepresentation of privately retained counsel inducing a plea of guilty may constitute a deprivation of defendant's constitutional rights so as to justify relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, chap. 38, par. 122—1 *et seq.*) The trial court clearly answered this question in the negative. However, subsequent to the trial court's ruling we decided *People* v. *Washington,* 38 Ill.2d 446. In that case there was an allegation that a plea of guilty was improperly induced by promises of privately retained counsel, and the trial court dismissed the petition without hearing evidence. We reversed stating at page 450 :

"This case differs from the many cases in which we have held that a guilty plea that is the result of improper influence must be vacated. There is here no allegation that either the prosecutor or the trial judge had made any representations to the defendant concerning the sentence that would be imposed upon him. There is, however, the defendant's sworn statement that his attorney, in the presence of the defendant's sister, stated that the judge and the prosecutor had agreed that if the defendant pleaded guilty he would be sentenced to imprisonment for a term of 14

years, and that 'relying upon said promise of this attorney' he entered a plea of guilty. And there is the defendant's further sworn statement that after he had been sentenced his attorney stated that he would have him called back to court and have the sentence reduced to 14 years.

"If in fact there was an agreement between the defendant's attorney, the prosecutor and the judge that the defendant would receive a sentence of 14 years, the judgment entered upon the plea of guilty can not stand."

We feel that on the basis of the *Washington* case the defendant's petition and affidavit standing alone raised a sufficient question to require a hearing.

The State, however, argues that in view of the record and the counteraffidavit of defendant's trial attorney, defendant's claim of coercion cannot be maintained. The State strongly argues that in light of all the circumstances the allegations of the petition and affidavit of the mother are highly improbable. In the recent case of *People* v. *Sigafus* (November, 1967), 39 Ill.2d 68, there was an allegation of a promise of leniency by a prosecutor, denied by counteraffidavit and the trial court denied the petition. We reversed and stated at page 70:

"The conflicting representations of the petitioner and the prosecutor created a factual issue as to a claimed occurrence upon which the record casts no helpful light. When a claim of substantial constitutional denial is based on assertions beyond the record it is contemplated by the Post-Conviction Hearing Act that evidence be taken. (See *People* v. *Airmers,* 34 Ill.2d 222, 226.) Here, no evidentiary hearing was held. None of the three persons who allegedly formed the bargain pursuant to the claimed promise were called to testify nor were present at the proceedings had on the petition.

\* \* \*

"Here, too, if the allegation of a bargain as is described in the petition is true, the petitioner is entitled to have his

plea of guilty vacated. We deem that this allegation can be determined to be truthful or otherwise only through an evidentiary hearing, at which the petitioner, the prosecutor and petitioner's trial counsel can give testimony."

Here there is also a direct factual dispute raised by the affidavit and counteraffidavit relating to the representations made to the defendant. Nothing in the record positively rebuts these allegations. To peremptorily dismiss the petition would require a determination of the truth or falsity of the affidavits. This the trial judge did not purport to do, nor could he properly do so without a hearing.

We conclude that the petition and affidavit allege a violation of constitutional rights and require an evidentiary hearing as to their truth or falsity. At that time the credibility of the testimony can be weighed by the trial judge.

The judgment of the trial court is reversed and the cause remanded with directions for further proceedings consistent with the views expressed herein.

*Reversed and remanded, with directions.*

Mr. Justice Ward took no part in the consideration or decision of this case.