(No. 43255.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN RHYMES, Appellant.

*Opinion filed April 1, 1971.*

MORTON ZWICK, Director of Defender Project, of Chicago, (THEODORE A. GOTTFRIED and JOHN L. BARTON, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, ROBERT A. NOVELLE, Assistant State's Attorney, and THEMIS N. KARNEZIS (Graduate Law Student), of counsel,) for the People.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, John Rhymes, appeals from the judgment of the circuit court of Cook County dismissing, without an evidentiary hearing, his amended petition filed under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) Rule 651(a) provides for appeal directly to this court.

The record shows petitioner was indicted on three charges of burglary. (Ill. Rev. Stat. 1969, ch. 38, par. 19—1.) One of the cases was called for trial, the People announced ready, whereupon petitioner's counsel, an assistant Public Defender, requested a conference with the court. The record does not reflect whether a conference was held, and if so, what transpired.

Petitioner demanded a trial and during the selection of the jury, the transcript recites, "the defendant [petitioner] voiced a desire to change his plea." The court admonished the petitioner as to the effect of a plea of guilty, advised him as to the minimum and maximum penalties, that the sentences imposed on the three charges could be ordered to run concurrently or consecutively, and explained the meaning of these terms.

Following the court's acceptance of the plea and entry of judgment as to each indictment, the assistant State's Attorney narrated in brief detail what the prosecution's evidence would be on each indictment, and petitioner's attorney, with petitioner present, so stipulated. After brief arguments in aggravation and mitigation the court imposed sentence of not less than three nor more than nine years on each indictment, the sentences to run concurrently.

Petitioner filed a post-conviction petition *pro se,* counsel was appointed and an amended petition filed. The amended petition alleges that petitioner was not adequately apprised of the consequences of his pleas of guilty, the court did not ascertain that they were voluntarily and understandingly made and

"c. The pleas of guilty elicited from your petitioner were induced by and given in reliance upon representations by defense counsel and the prosecutor that a lower sentence than that ordered would be recommended; no such recommendation was made;

d. Your petitioner was coerced to plead guilty by threats

that dire consequence would follow if he exercised his constitutional right and demanded a jury trial."

In his affidavit, filed in support of his amended petition, petitioner states that his appointed lawyer (the assistant Public Defender) told him he could, upon a plea of guilty, receive a sentence of two to three years, but he refused to plead guilty. Just when this transpired cannot be clearly determined. The attorney told him that by taking a jury trial he was risking a sentence of 20 to 30 years. He finally agreed to a plea of guilty "in return for concurrent two to three year sentences."

The People moved to dismiss the amended petition, the motion was allowed and this appeal followed.

Petitioner contends the trial court erred in dismissing the petition without an evidentiary hearing. He argues that the dismissal is based upon a finding by the court "that the unrefuted factual allegations of the petitioner's pleadings were improbable," and the court's reliance "on facts de hors the record to support a finding that the petitioner was properly admonished prior to his entering a plea of guilty."

Relying upon *People* v. *Washington,* 38 Ill.2d 446, and *People* v. *Wegner,* 40 Ill.2d 28, petitioner argues that the petition and affidavit allege an improper inducement of the pleas of guilty. The affidavits in those cases are clearly distinguishable from the one in this record. Here, unlike *Washington,* there is no allegation that the prosecutor or the trial judge had agreed to anything whatsoever. In *Wegner,* the defendant's mother's affidavit stated that defense counsel told her there was a definite arrangement as to the sentence, and on that basis, her son was induced to plead guilty. Further, the trial court in *Wegner,* assuming the allegation to be true, misapprehended its legal effect. In our opinion the affidavit here involved cannot be read to allege either a specific representation by defense counsel or that petitioner's reliance thereon induced the pleas of guilty.

The record shows that the trial court, subsequent to taking the pleas, asked petitioner whether he had anything to say before sentence was imposed. Petitioner's response was to the effect that he was sorry he had caused confusion and hoped he could do better. He did not protest the sentence nor in any manner indicate that it was induced by a representation as to the sentence he would receive. Under the circumstances, there was no requirement that the court interrogate petitioner as to whether he had been made any promises to induce the plea.

We conclude that the trial court dismissed the petition, not for the reasons charged in petitioner's brief, but because it did not state grounds for post-conviction relief. The trial court did not err in its ruling and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*