THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST T. JEWETT, Defendant-Appellant.

(No. 56502; )

First District—March 14, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

In a post-conviction petition the defendant alleged that he was induced to plead guilty to a charge of manslaughter on his attorney's assurance that if he so pleaded the judge would sentence him to five years' imprisonment, and if he did not plead guilty the State would seek the death penalty or life imprisonment.

The defendant was indicted for murder. On March 1, 1967, he pleaded guilty to the lesser included offense of voluntary manslaughter. The State did not object, and after the court admonished the defendant of his right to a jury trial and the possible consequences of his plea, he was sentenced to serve ten to fifteen years in the penitentiary.

The defendant filed no supporting affidavits with his petition. The State filed an answer which was supported by the affidavit of defendant's trial counsel. The affidavit went into great detail as to the events leading

up to defendant's plea of guilty, and denied all allegations of defendant's petition.

■■ The purpose of a post-conviction proceeding is to inquire into the constitutional phases of the original conviction which have not already been adjudicated, and the function of the pleadings is to determine whether the petitioner is entitled to a hearing under the Act. (*People v. Williams*, 47 Ill.2d 1, 264 N.E.2d 697.) The court may receive proof by affidavits, deposition, oral testimony or other evidence, and in its discretion may order the petitioner before the court for a hearing. (Ill. Rev. Stat. 1969, ch. 38, par. 122—6.) The dismissal of non-meritorious petitions is clearly within the contemplation of the Act. *People v. Morris*, 43 Ill.2d 124, 251 N.E.2d 202.

The record in the instant case shows that the court gave careful consideration to the allegations in the petition, the affidavit of defendant's trial counsel and the transcript of proceedings. The record also reveals that the defendant's trial attorney afforded able and conscientious representation after being appointed.

In *People v. Wegner*, 40 Ill.2d 28, 237 N.E.2d 486, which defendant cites, the post-conviction petition alleged that the defendant was induced to plead guilty by the false representations of his attorney. The petition was also supported by the affidavit of defendant's mother, who averred that defendant's attorney had told her that her son would receive a maximum sentence of 90 days if he pleaded guilty. She said that her son was induced by such representations to plead guilty. The State filed a motion to dismiss the petition, together with the affidavit of defendant's trial attorney in which he denied having advised defendant or his mother of such a sentence, and stated that he told defendant he would receive a sentence of four years if he pleaded guilty. The court held that there was a factual dispute raised by the two affidavits relating to representations made to the defendant; that the record did not positively rebut the allegations of the defendant; and that under such circumstances the trial court must hold an evidentiary hearing.

■■ In the *Wegner* case the defendant's mother made an affidavit supporting his allegations, whereas in the case before us no supporting affidavit was provided. The only affidavit submitted here was that of defendant's trial attorney, filed by the State, and it directly contradicted and rebutted petitioner's allegations. There was no factual dispute.

■ In *People v. Williams, supra,* also cited by petitioner, the court held that dismissing defendant's post-conviction petition without an evidentiary hearing was error despite the absence of supporting affidavits with the petition, where the allegations were not negated by the State or the record. In the matter before us, the State not only denied petitioner's

allegations, but submitted the affidavit of his trial attorney which directly contradicted the petitioner's allegations. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.