(No. 42289.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ANGELO SANTIAGO, Appellant.

*Opinion filed September 17, 1974.*

Edward A. Willens, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Edna S. Epstein, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Angelo Santiago, appeals from the judgment of the circuit court of Cook County denying his petition filed under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*).

The record shows that petitioner pleaded guilty to three charges of possession of narcotics and two charges of jumping bail and was sentenced to the penitentiary. Approximately 19 months after being sentenced, petitioner filed a petition for post-conviction relief alleging that his pleas of guilty were not made voluntarily, intelligently or

understandingly, that he was not properly or adequately represented by his counsel, the public defender, and that his counsel coerced his pleas of guilty. The People filed an answer, and the circuit court, after hearing the testimony of petitioner and the public defender who had represented him, denied the petition.

Petitioner contends that the evidence showed that "a language barrier prevented petitioner from fully comprehending the consequences of his pleas" and that the public defender coerced petitioner into entering the pleas of guilty by means of false promises and verbal and physical threats. We do not find it necessary to review the testimony in detail. Suffice it to say that our examination of the transcripts of the proceedings both at the hearing on the post-conviction petition and at the time the pleas of guilty were entered shows ample support for the findings of the circuit court that "the defendant did voluntarily, intelligently, understand and without any misunderstanding enter pleas of guilty in this matter" and that his pleas of guilty were not coerced by the public defender.

We consider next petitioner's contention that the public defender failed to take "appropriate steps" to protect his interests. He charges that his meetings with the public defender in the "bull pen" were brief and hurried, that his counsel did not interview him in jail, did not discuss with him the merits of the case, did not interview his witnesses and that at the time he signed a statement of intent to plead guilty, it was a blank piece of paper.

The testimony shows that the same public defender who represented petitioner at the time that he pleaded guilty had represented him in the narcotics cases prior to the filing of the bail-jumping charge and had met with him on several occasions prior to his jumping bail. The public defender testified that he and petitioner had discussed the "deal" for pleading guilty, which deal included the reduction of one charge of the sale of a narcotic drug, to possession, that petitioner was well pleased with the results

and that the statement of intent to plead guilty was "written out" when petitioner signed it.

In *People v. Smith,* 45 Ill.2d 399, the court, at page 404, said: "In a post-conviction hearing the burden is upon the petitioner to demonstrate that there has been a substantial deprivation of his constitutional rights [citations]. Whether the defendant's plea of guilty was involuntary because induced by an illegal confession or confessions or an assurance of probation by his attorney and whether the defendant was otherwise inadequately represented rested, under the circumstances, in large part upon the credibility of witnesses, including that of the defendant. Credibility was a question for the trial court's determination. [Citations.] Unless it can be fairly said that the determination was manifestly erroneous, that determination by the hearing judge, who had the opportunity to see and hear the witnesses, will be sustained. [Citations.] "

The testimony presented a question of fact for the circuit court, and its findings are supported by, and are clearly not contrary to, the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*