THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IGNATIUS B. FAULISI, Defendant-Appellant.

(No. 73-50; ▮▮▮▮▮▮)

Second District—December 12, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Daniel A. Mengeling, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant appeals from the dismissal of his amended post-conviction petition claiming that the trial court committed reversible error in dismissing without a full evidentiary hearing.

Plaintiff was arrested on November 19, 1969, and charged by indictment with the offense of unlawful possession of explosives. Represented by two privately retained attorneys, defendant, on March 23, 1970, withdrew his plea of not guilty, entered a plea of guilty and was sentenced to a term of 2 to 5 years' imprisonment. He instituted a direct appeal from his plea of guilty, claiming, in relevant part, that his trial attorneys were incompetent and his plea of guilty involuntary. Pending appeal, defendant's present counsel filed a motion to withdraw alleging the ap-

peal to be frivolous. On March 29, 1971, this court found the appeal's contentions without merit, granted defense counsel's motion and affirmed defendant's conviction. *People v. Faulisi*, 132 Ill.App.2d 208 (abstract opinion 1971).

During pendency of his direct appeal, defendant, on June 4, 1970, filed a *pro se* petition for post-conviction relief which was dismissed with leave to refile. On June 16, 1970, defendant was arraigned in Federal court on unspecified Federal charges. He pled guilty on January 4, 1971, and thereupon received a sentence of 5 years' imprisonment.

Subsequent to this court's affirmance on direct appeal, defendant filed a new petition for post-conviction relief, and counsel was appointed. Thereafter, an amended post-conviction petition was filed, accompanied by defendant's sworn affidavit. The State filed a motion to dismiss. After arguments, the trial court granted the State's motion and dismissed defendant's amended post-conviction petition without an evidentiary hearing.

Defendant claims reversible error, contending that the following pertinent portions of his amended petition and sworn affidavit are sufficient to entitle him to an evidentiary hearing:

"13. * * * [defendant] was deprived of his constitutional rights under the provisions of the Sixth and Fourteenth Amendments to the United States Constitution and Illinois Constitution, Article II, paragraph 9 in this [*sic*] that: * * * 3. * * * his change of plea from 'not guilty' to 'guilty' was obtained by fraud, duress, undue influence and improper representations of his attorneys in the trial court, relative to his availability for parole after the service of part of his sentence and that the service of his sentence would be concurrent with his sentence for another crime imposed by the United States District Court. * * *

[Affidavit]

5. * * * his attorneys in the trial court advised him on and prior to March 23, 1971 [*sic*: 1970]:
* * *

b. That the fact that he had a previous conviction in the United States District Court and had been sentenced to serve five (5) years in confinement would not effect his parole here;

c. That both sentences would be served concurrently so that at the worst he would serve five (5) years;

d. That parole has been denied him in this proceeding because of the Federal Court Sentence still to be served;

e. That he is presently required, upon the completion of his present term of confinement, to serve the Federal Court Sentence of five (5) years;

    f. That he relied on these representations of his attorneys when he changed his plea to 'Guilty'."

The defendant cites *People v. Williams*, 47 Ill.2d 1 (1970); *People v. Wegner*, 40 Ill.2d 28 (1968), and *People v. Washington*, 38 Ill.2d 446 (1967), for the proposition that where a post-conviction petition alleges that a guilty plea is the result of unfulfilled promises of a lighter sentence or induced by a misrepresentation of a lighter sentence, the petitioner is entitled to a hearing to determine the truth or falsity of his allegations. In *People v. Gaines*, 48 Ill.2d 191, 194 (1971), the court reviewed the same cases and stated, "In those cases we held that petitioners were entitled to hearings because their allegations of unfulfilled promises were uncontradicted." [1] *Gaines* affirmed the trial court's dismissal of a post-conviction petition without an evidentiary hearing. The court found from a review of the entire record that defendant's previous testimony and conduct contradicted the allegations contained in his petition for post-conviction relief. After concluding that the record itself left no doubt that defendant was not induced to enter a plea of guilty by any unfulfilled promise (or otherwise), the court, at page 195, paraphrasing the language of *People v. Smith*, 42 Ill.2d 547 (1969), went on to say, "[I]t would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing." Such is the case before us.

Defendant's affidavit alleges that at the time he entered his plea of guilty, he was advised by his trial attorneys that (1) his previous Federal conviction and sentence of 5 years would not effect his parole in the instant case, and (2) that his Federal and State sentences would be served concurrently. The record contradicts these allegations. The facts show that when defendant entered his plea of guilty he had not yet been arraigned on the Federal charges. Over 9 months elapsed before he even knew that a 5-year sentence was to be imposed by the Federal Court. Under these circumstances, it would seem incredible, if not impossible, for defendant's attorneys to have made the alleged statements to defendant.

We conclude that the contradictions within the record clearly indicate

---

[1] It should be noted that in *People v. Wegner, supra*, a direct factual dispute was raised by the affidavit and counter-affidavit with nothing in the record to positively rebut defendant's allegations. In *People v. Williams, supra*, the "meager" record revealed only the State's denial of defendant's factual allegation.

that defendant was not induced to enter his plea of guilty by misrepresentations on the part of his attorneys.

For the reasons stated, the trial court's order is affirmed.

Affirmed.

RECHENMACHER and GUILD, JJ., concur.