2024 IL App (1st) 1230588-U

SECOND DIVISION
September 24, 2024

No. 1-23-0588

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 0014901 |
| | ) | |
| TRACEY MITCHELL, | ) | Honorable |
| | ) | Geraldine D'Souza, |
| Petitioner-Appellant. | ) | Judge Presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Reversed and remanded with instructions. Second-stage presumption of reasonable assistance was rebutted, as counsel failed to amend *pro se* claim and obtain affidavit from petitioner.

¶ 2    Petitioner Tracey Mitchell alleged that his trial counsel did not timely inform him of a favorable plea deal offered by the State. Postconviction counsel did not amend this claim to include the necessary allegations of *Strickland* prejudice or obtain a supporting affidavit from petitioner. We find that post-conviction counsel failed to provide reasonable assistance and thus remand for new second-stage proceedings and the appointment of new counsel.

¶ 3                                BACKGROUND

¶ 4    Petitioner was convicted after a bench trial of the manufacture or delivery of 400-900

grams of cocaine. The evidence, in sum, showed the following. The police executed a search warrant of a residence held in defendant's name. In the bedroom, they found 434.5 grams of cocaine, 269.5 grams of cannabis, and hydrocodone pills; $5,900 in cash; drug manufacturing and packaging equipment of various sorts; a picture of petitioner; a current driver's license, identification card, and a receipt, all in petitioner's name; and a pair of latex gloves, in a bag full of drug manufacturing refuse, with petitioner's DNA on them. Petitioner acknowledged to the police, after his arrest and *Miranda* warnings, that he kept his personal belongings in that bedroom. Based on this evidence, petitioner was found guilty on a theory of constructive possession.

¶ 5 The charge carried a possible sentence of 12-50 years. 720 ILCS 570/401(a)(2)(C) (West 2008). The trial court sentenced petitioner to 18 years. We affirmed his conviction and sentence on direct appeal. See *People v. Mitchell*, 2015 IL App (1st) 132122-U.

¶ 6 Petitioner filed a *pro se* post-conviction petition alleging (among other claims no longer at issue) that his trial counsel was ineffective for failing to timely inform him of a 4-year plea deal offered by the State. The petition did not provide any details about how, when, where, or from whom he learned of the alleged offer. The petition was accompanied by a verification affidavit under section 1-109 of the Code of Civil Procedure. 735 ILCS 5/1-109 (West 2022). Petitioner also attached a second affidavit stating that he "attests that the contents of the post-conviction petitioner are stated accurately." Beyond that, however, no supporting affidavits, from petitioner or anyone else, were attached to the petition.

¶ 7 The circuit court advanced the petition to the second stage and appointed counsel. In due course, postconviction counsel told the court that she "was able to speak to several witnesses" and "ha[d] one more to speak to." Counsel later filed a Rule 651(c) certificate and stood on the

*pro se* pleading, without amending any of its claims or attaching any additional affidavits. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 8     The State filed a motion to dismiss. In response to a timeliness argument in the motion (which is no longer at issue), counsel obtained an affidavit from petitioner. But that affidavit is limited in scope to matters pertaining to the timeliness of his initial filing and did not address the substance of any allegations in the petition. The trial court held a short hearing on the motion.

¶ 9     As to petitioner's ineffectiveness claim, the only claim relevant here, the State argued that there was no evidence of any plea offer, much less an offer significantly below the minimum sentence. The petition set forth no such evidence, and there was none in the trial record. In fact, the State argued, what are commonly called "*Curry* admonishments" would (or at least should) have been given if such an offer had been made. See *People v. Curry*, 178 Ill. 2d 509 (1997). Petitioner's claim that a 4-year plea deal was ever on the table was simply "wishful thinking" on his part.

¶ 10     Postconviction counsel argued that taking petitioner's allegation as true, as necessary at the second stage, there were "factual disputes" about the existence of the alleged plea offer that could only be resolved at a third-stage evidentiary hearing. Counsel further noted that "I did have an opportunity to speak to [trial counsel] and I received his trial file."

¶ 11     The trial court granted the motion to dismiss, holding, without further explanation, that petitioner failed to make a substantial showing of either deficiency or prejudice. See *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 12                                ANALYSIS

¶ 13     Petitioner's only argument on appeal is that postconviction counsel failed to provide reasonable assistance at the second stage of proceedings. See 725 ILCS 5/122-4 (West 2022);

*People v. Perkins*, 229 Ill. 2d 34, 42 (2007). He argues that postconviction counsel failed to amend his claim to include the necessary allegations of *Strickland* prejudice and failed to attach a supporting affidavit from petitioner. Our review is *de novo*. *Perkins*, 229 Ill. 2d at 41.

¶ 14    Because there is no dispute that postconviction counsel filed a facially valid Rule 651(c) certificate, we begin from a presumption of reasonable assistance, which is petitioner's burden to rebut. *Id.* at 52. This presumption is rebutted if the record shows that counsel failed to comply with one or more of the specific duties imposed by Rule 651(c). *Id.* at 52. One such duty, at issue here, is the duty to "ma[k]e any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c).

¶ 15    Rule 651(c) does not require counsel to amend every *pro se* claim. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). In particular, counsel has no duty to amend claims that are "frivolous or spurious" or "patently nonmeritorious." *People v. Greer*, 212 Ill. 2d 192, 205 (2004); *People v. Urzua*, 2024 IL 127789, ¶ 37. Such amendments are futile and therefore not "necessary" within the meaning of the rule. The obvious, if infrequently stated, corollary of this point is that counsel *is* required to amend claims that are *not* patently frivolous, to whatever extent there is a basis for doing so.

¶ 16    Generally speaking, there are two reasons why a claim might be frivolous. For one, it could be based a theory that is not legally viable. And that is not unheard-of at the second stage; though the purpose of first-stage proceedings is to weed out frivolous claims, a frivolous claim could advance along with a non-frivolous claim, as the entire petition advances to the second stage if any one claim states a gist of a constitutional violation. See *People v. Rivera*, 198 Ill. 2d 364, 371 (2001) (no partial summary dismissals). Or, of course, a frivolous claim could advance because the circuit court failed to rule on the petition within 90 days. See *Greer*, 212 Ill. 2d at

195; 725 ILCS 5/122–2.1, 122–4 (West 2000).

¶ 17    In any event, petitioner's claim here is not frivolous in that sense. His theory of ineffective assistance, based on trial counsel's failure to timely convey a plea offer, is well established in United States and Illinois Supreme Court case law. *Missouri v. Frye*, 566 U.S. 134 (2012); *People v. Hale*, 2013 IL 113140, ¶¶ 17-19.

¶ 18    Or a claim might be frivolous because it is positively rebutted by the record. In *People v. Hernandez*, 2014 IL App (2d) 131082, ¶ 16, for example, the trial record positively rebutted the petitioner's claim that counsel failed to convey the State's plea offer, because it showed that the offer was put on the record by the State, and acknowledged by the petitioner, in open court.

¶ 19    Here, the trial record says nothing one way or the other; it is silent on the existence, or non-existence, of any plea offer. That absence might suggest, perhaps even strongly, that such no plea deal was ever offered, but it does not positively rebut petitioner's claim that one was made; thus we must still accept petitioner's claim, at the second stage, as true. See *People v. Almendarez*, 2023 IL App (1st) 220314-U, ¶ 89 ("the absence of any discussion regarding the plea offer in the record is certainly understandable where a trial record is typically silent 'as to what a defendant was told about rejecting or accepting a guilty-plea offer from the State.' " (quoting *People v. Williams*, 2016 IL App (4th) 140502, ¶ 33)).

¶ 20    Petitioner's claim is not patently frivolous, but rather one that presents a factual dispute, and ultimately, a credibility contest between petitioner and trial counsel. We fully acknowledge that there are reasons to doubt petitioner's claim: postconviction counsel evidently could not corroborate it; a 4-year plea offer might sound too good to be true, where petitioner faced a 12-50 year sentence and the State had a strong case; and one might be skeptical that a trial attorney would be anything but eager to convey an offer this favorable to a client.

¶ 21    That said, doubts about the veracity of a claim, however reasonable they may seem, do not establish that the claim is frivolous. These are factual questions, for the circuit court to decide at an evidentiary hearing. See *People v. Robinson*, 2020 IL 123849, ¶ 61. Thus, in *People v. Williams*, 47 Ill. 2d 1, 3-4 (1970), our supreme court held that an allegation in a verified petition about trial counsel's representation warranted an evidentiary hearing, even though the allegation was "improbable" on its face. See also *People v. Washington*, 38 Ill. 2d 446, 451 (1967). Indeed, such an allegation still warrants an evidentiary hearing even if the State has an affidavit from trial counsel explicitly denying it. *Williams*, 47 Ill. 2d at 4; *People v. Wegner*, 40 Ill. 2d 28, 30-31 (1968)).

¶ 22    Because doubts about the veracity of a claim are not a proper second-stage determination, much less one to be made by counsel rather than the court, they are certainly not a basis for postconviction counsel to forego amendment of a legally viable claim. To repeat, amendment is only unnecessary when the claim is properly deemed frivolous, which this claim is not. And for what it's worth, far from viewing the claim as frivolous, postconviction counsel argued that it presents a "factual dispute[ ]" and should advance to a hearing for this reason.

¶ 23    To cover all the bases, there is always the possibility that postconviction counsel might *know* that an allegation is false, forbidding counsel from presenting that evidence to the court. See Ill. R. Prof. Conduct (2010), R. 3.3(a) ("A lawyer shall not knowingly *** offer evidence that the lawyer knows to be false."); *People v. Hunter*, 2024 IL App (1st) 220595-U, ¶ 90 (postconviction counsel "correctly concluded that she could not submit these [forged] documents as if they were competent evidence" and "would have committed a serious ethical obligation by doing so.") But that was clearly not the case here. Far from withdrawing from representation or alerting the court to the potential of fraud, here, counsel presented and argued petitioner's claim

as a *bona fide* factual dispute, as noted above. So we can put aside any such possibility here.

¶ 24      The long and short is that petitioner's claim, such as it was, was not frivolous or patently without merit, triggering postconviction counsel's duty to amend the claim to the extent possible. So the question becomes whether there were any evident amendments for counsel to make to this petition, within the limits of postconviction counsel's duty. The answer is a clear yes, there were.

¶ 25      The duty to make necessary amendments requires counsel to "shape" the *pro se* claims into their "appropriate legal form," complete with any appropriate allegations of *Strickland* prejudice. *Turner*, 187 Ill. 2d at 412-13; *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). In *Turner*, 187 Ill. 2d at 413, our supreme court found a lack of reasonable assistance on multiple grounds, one of which was a failure "to amend the petition to include an allegation that petitioner was prejudiced by the allegedly ineffective assistance of his trial counsel ***." In so holding, our supreme court showed no interest in speculating, as the State would have us do, that perhaps post-conviction counsel found nothing at all to say on the issue of prejudice.

¶ 26      It would be one thing if petitioner alleged prejudice on certain grounds, and counsel found nothing to *add*. But the original petition said nothing about prejudice, nor did petitioner's sworn statements. By not amending the petition and petitioner's sworn statement, postconviction counsel left this petition with a *Strickland* claim that lacked any allegation of prejudice whatsoever—which in turn left the circuit court with no choice but to dismiss it for that very reason. At the second stage, appointed counsel's role is to ensure that the essential elements of the claim are properly pleaded, so that the circuit court's (and a reviewing court's) inquiry into the merits of the claim is a meaningful one. That did not happen here.

¶ 27      In the context of petitioner's *Strickland* claim, prejudice means a reasonable probability (1) that he would have accepted the plea offer, if not for counsel's deficient performance; (2) that

the State would not have rescinded the offer; and (3) that the trial court would have accepted the plea on these terms. *Frye*, 566 U.S. at 147; *Hale*, 2013 IL 113140, ¶ 19. Petitioner's claim was legally inadequate, and subject to dismissal, for the same reason as the claim in *Turner*, 187 Ill. 2d at 413: it alleged none of these things.

¶ 28 To plead prejudice, an amended petition would have to describe the circumstances of the plea offer, as petitioner understood them, and the circumstances in which he belatedly learned of the offer. We will not speculate about these details or how an amended claim would fare on a motion to dismiss.

¶ 29 But we will say this. Having pleaded the element of prejudice, based on petitioner's own representations, it would be a more-or-less ministerial task for postconviction counsel to assist petitioner in swearing out a supporting affidavit. In this way, postconviction counsel would fulfill the (limited) duty of assisting petitioner in complying with section 122-2's corroboration requirement. 725 ILCS 5/122-2 (West 2022); *People v. Johnson*, 154 Ill. 2d 227, 242-48 (1993) (reasonable assistance not provided where counsel did not obtain affidavits from witnesses that petitioner identified for counsel). We note that petitioner is not expected, much less required, to obtain an affidavit in which trial counsel readily admits to his own alleged deficient performance. *People v. Hall*, 217 Ill. 2d 324, 333-34 (2005); *Williams*, 47 Ill. 2d at 4.

¶ 30 It will repay the effort to carefully compare this case to *People v. Devois Turner*, 2023 IL App (1st) 191503, cited frequently by the State. The petitioner in *Devois Turner* alleged three claims of ineffective assistance, including that postconviction counsel did not amend his pleading or obtain his affidavit and thus failed to provide reasonable assistance. *Id.* ¶¶ 17, 29-45. Despite any number of superficial similarities, on which the State is eager to seize, a closer look reveals that the *Devois Turner* claims suffered from defects quite different from those that

counsel could have remedied here.

¶ 31    First, the petitioner in *Devois Turner* alleged that his trial counsel refused to engage in plea bargaining for a lesser charge. *Id.* ¶¶ 29, 31. But "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). When the State *has* offered a plea deal, counsel must timely convey the offer and competently advise the defendant about the consequences of accepting or rejecting it. *Frye*, 566 U.S. at 147; *Lafler v. Cooper*, 566 U.S. 156, 162-68 (2012). But the petition in *Devois Turner*, 2023 IL App (1st) 191503, ¶¶ 31, 33, did not allege that the State offered a plea deal; to the contrary, it "clearly conveyed that there were no plea discussions" at all. The claim thus rested on a theory that was not legally viable. *Id.* ¶ 32. Put differently, the *pro se* claim was not just poorly pleaded; it was frivolous.

¶ 32    The petitioner argued on appeal that his post-conviction counsel should have attached an affidavit so he could "better explain" the factual basis of his claim. *Id.* ¶¶ 29, 31. That would have been futile, since the underlying legal theory was frivolous—unless the affidavit alleged that a plea offer *was* made. But that would have been an entirely *new* constitutional claim, one that post-conviction counsel therefore had no duty to raise. *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006). And it would have directly *contradicted* the petition's factual allegations. *Devois Turner*, 2023 IL App (1st) 191503, ¶ 31. Here, in contrast, amendment would neither contradict the *pro se* allegations nor result in a new constitutional claim.

¶ 33    Second, the petitioner in *Devois Turner* alleged that his trial counsel interfered with his right to testify. *Id.* ¶ 35. The petition offered no detail and no supporting documentation, and so the petitioner argued on appeal that here, too, his postconviction counsel should have obtained his affidavit setting forth the factual basis of his claim. *Id,* ¶ 37. But at trial, "[u]pon the court's inquiry," the petitioner had confirmed that he understood his right to testify; that after speaking

to counsel, he did not want to testify; that no one was forcing him not to testify; and that he was declining to testify on his own free will. *Id.* ¶ 12. In short, the trial record *positively rebutted* his claim that his trial counsel somehow prevented him from testifying. *People v. Knapp*, 2019 IL App (2d) 160162, ¶ 41. Here, as noted above, the trial record is silent and thus does not positively rebut petitioner's claim.

¶ 34    Third, the petitioner in *Devois Turner*, 2023 IL App (2d) 191503, ¶ 40, alleged that his trial counsel failed to conduct a reasonable investigation and present evidence. But he did not specify what line of defense or specific evidence trial counsel should have pursued. *Id.* ¶ 43. To make anything of this claim, postconviction counsel would have "to engage in a generalized fishing expedition in search of support for claims raised in a petition," which counsel "has no obligation" to do. *Johnson*, 154 Ill. 2d. at 248. No such "expedition" is needed here; petitioner himself is the source of the clarifying facts necessary to plead the element of prejudice.

¶ 35    In sum, *Devois Turner* is distinguishable, three times over, and thus does not compel a finding of reasonable assistance in this case. Here, there were routine amendments that postconviction counsel could have made, consistent with the scope of counsel's duties, to remedy defects in the *pro se* petition. Petitioner is thus entitled to a new round of second-stage proceedings with the reasonable assistance of counsel.

¶ 36                                    CONCLUSION

¶ 37    The judgment of the circuit court is reversed. The cause is remanded for new second-stage proceedings and the appointment of new counsel. New counsel is granted leave to amend the *pro se* petition.

¶ 38    Reversed and remanded with instructions.