(No. 42910.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. CHARLES PERRY EDWARDS, Appellant.

*Opinion filed November 24, 1971.*

WARD, J., took no part.

JAMES P. GALLAGHER, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and HENRY A. HAUSER, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County dismissing defendant's post-conviction petition without an evidentiary hearing. On May 3, 1965, defendant pleaded guilty to a charge of murder and was sentenced to the penitentiary for a term of 14 to 17 years. On February 7, 1969, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*) alleging *inter alia* that his guilty plea was the result of a coerced confession. He requested the appointment of counsel. The trial court

complied with this request and thereafter an amended petition was filed which alleged incompetency of the assistant public defender who acted as defendant's trial counsel and it also incorporated the *pro se* petition.

The State filed a motion to dismiss the amended petition declaring that it failed to allege facts indicating a substantial denial of constitutional rights. The trial court dismissed the petition and defendant appeals.

Defendant was indicted on a charge of murder and he informed the court that he wished to plead guilty. After the court had advised him of his right to a jury trial and the possible sentences which it could impose, defendant responded that he was in fact guilty and the trial court accepted the plea. The prosecutor read into the record a stipulated summary of the facts concerning the charge.

Defendant now contends that a confession was illegally obtained and that its existence led the public defender to believe it would be used at trial and would result in a guilty verdict and a greater sentence than that which was being offered if he pleaded guilty. Thus defendant maintains that he was coerced by his attorney into pleading guilty, thereby depriving him of a substantial constitutional right. Consequently, he says, the trial court was required to fully investigate his allegations pertaining to the illegal confession by means of an evidentiary hearing in the post-conviction proceedings.

We disagree. When defendant's plea "is viewed in light of the evidence against him which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, [citation] its validity cannot be seriously questioned." (*North Carolina v. Alford, 400 U.S. 25, 37-38, 27 L.Ed.2d 162.*) In the instant case, defendant, even in the absence of his confession, was confronted with overwhelming evidence of guilt. Moreover, the record indicates that the trial judge conducted a sufficient examination into the voluntary and

intelligent nature of defendant's plea. We hold that defendant's fear that his confession, which was allegedly obtained by illegal methods, would be admitted at trial "is insufficient to invalidate his otherwise knowing and intelligent plea" which was entered after conferring with competent counsel. *People v. Sephus, 46 Ill.2d 130, 132.*

Defendant also alleged that his plea was coerced when his attorney advised him that if he pleaded guilty he would receive 14 to 17 years, however, if he pleaded not guilty he would probably receive 40 to 80 years in prison upon conviction. We perceive no valid distinction between circumstances where a defendant is informed that he could receive the death penalty and those situations where he believes that a harsher prison sentence may result if he does not plead guilty. *People v. Scott, 49 Ill. 2d 231.*

The defendant further argues that his court-appointed attorney was incompetent and the trial judge was in error when he dismissed this contention without an evidentiary hearing. The basis for this position evolves, in part, from the public defender's alleged speculation as to the possible sentences defendant could receive. We initially note that defense counsel's interpretation as to possible sentences was within the prescribed statutory limits. (Ill.Rev.Stat. 1965, ch. 38, par. 9–1.) Furthermore, the record indicates that upon the plea of guilty, the trial court imposed the sentence which his attorney stated he would receive. The defendant's assertion is without merit. *(People v. Joynt, 46 Ill.2d 321.)* An examination of defendant's other contentions concerning his attorney's incompetence reveals that they consist of conclusional allegations which are insufficient to require an evidentiary hearing. *People v. Pierce, 48 Ill.2d 48,* and cases therein cited.

Defendant finally maintains that the trial judge improperly dismissed his petition based upon evidence not contained in the record, *i.e.,* the judge's personal knowledge of the assistant public defender's activities "over a

long period of time." Even though the trial judge did state that his decision was based in part on evidence not contained in the record, the statement occurred after the court held that defendant's allegations were inadequate. Defendant cannot complain that he was unduly prejudiced where a valid basis for dismissal existed and was considered by the court in the disposition of his petition. See *People v. Heaven, 44 Ill.2d 249.*

For the aforementioned reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.