THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* LARRY FERNANDO SINGLETON, Appellant.

(No. 71-15;

Fifth District—February 24, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was convicted of the crime of burglary upon his plea of guilty. He appeals with the sole contention that his guilty plea was

involuntary since it resulted from a fear of an increased sentence if he exercised his right to a trial.

The record discloses that the plea of guilty was the result of a plea negotiation. In addition to the charge of burglary in the case under consideration there were two additional charges of burglary pending against defendant and he had a previous conviction of burglary in 1968 for which he had received a penitentiary sentence. As a result of the plea negotiations defendant agreed to enter a plea of guilty to the charge in this case and that in one additional case in exchange for which the State's Attorney would recommend a sentence of not less than one year nor more than eight years, the sentences to run concurrently.

The admonitions by the court to the defendant are shown to have been thorough. During the proceedings the defendant indicated to the court that he did not think he was guilty of burglary. This statement was apparently made by defendant in the belief that since he served as a lookout and did not actually enter the building he was not guilty of burglary, but he admitted sharing the proceeds of the crime. When the court indicated that he could not accept the plea of guilty if defendant did not believe himself to be guilty, one of defendant's attorneys advised the court that there had been plea negotiations in which defendant had participated. Defendant's attorney then stated, "We believe the close association of Mr. Singleton to this offense made it an impossibility that he could be found not guilty by a jury. We would have to risk a much larger sentence on this unless a plea of guilty were entered. That was the terms of the negotiations, and that is the reason for the entry of the plea, in spite of the fact that Mr. Singleton's mental state may not have been technically the mental state that would make him guilty of burglary." The court then stated, "This raises the question of whether or not he has a right to plead guilty." Defendant's attorney then insisted that defendant did have a right to plead guilty. After further colloquy between the court and counsel the court satisfied itself that there was indeed a factual basis for the plea of guilty to the crime of burglary and thereupon accepted the plea.

■■ Upon the record presented there is no doubt that the defendant fully understood his rights and the consequences of his plea and that he knowingly and understandingly entered his plea of guilty and that the plea resulted from negotiations in which he had participated. He received the sentence to which he had agreed and it is our judgment that in view of the defendant's record the sentence was a reasonable one. There is no evidence or indication of any kind that defendant's plea resulted from coercion or from fear that he would receive a larger sentence if he elected to stand trial. His argument in that regard is without

foundation. But notwithstanding, a plea of guilty is not involuntary because it was made in fear of receiving a heavier sentence upon trial. *People v. Edwards* (1972), 49 Ill.2d 522, 276 N.E.2d 308; *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463; *Parker v. No. Carolina*, 397 U.S. 790, 90 S.Ct. 1458.

The plea of guilty being voluntary, the judgment of the trial court will be affirmed

Judgment affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.