THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* THOMAS FERRANCE, Petitioner-Appellant.

(No. 61419;

First District·(3rd Division)—September 18, 1975.

James J. Carroll, of Sidley & Austin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Michael T. Reid, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before McGloon, P. J., McNamara and Mejda, JJ.):

Thomas Ferrance, petitioner, appeals from the denial of his amended post-conviction petition filed pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, pars. 122—1 *et seq.*). On appeal petitioner argues (1) that the trial court erred in sustaining the State's motion to dismiss this amended post-conviction petition, (2) that his pleas of guilty were invalid because he was induced to plead guilty by the misrepresentation of his counsel that he would be admitted to the drug abuse program at the Illinois State Penitentiary, and (3) that his pleas of guilty were not voluntarily and intelligently entered because he was denied effective assistance of counsel.

Petitioner was charged by indictment with the crimes of rape, armed robbery and intimidation. On July 16, 1973, petitioner entered a negotiated plea of guilty and was sentenced to concurrent terms of 4 to 8 years on the charge of rape, 4 to 8 years on the charge of armed robbery and 4 to 5 years on the charge of intimidation. Petitioner did not appeal. On October 17, 1973, petitioner filed a *pro se* post-conviction petition. Counsel was appointed to represent petitioner and an amended post-conviction petition was subsequently filed. On October 3, 1974, after an evidentiary hearing, petitioner's amended post-conviction petition was denied.

At the evidentiary hearing petitioner, who was the only witness, testified that in December 1972, he was arrested and charged with rape, armed robbery and intimidation. At that time he was 18 years of age and had been a heroin addict since he was age 13. Petitioner stated that he could not afford counsel and an assistant public defender was appointed to represent him. Petitioner testified that he met with appointed counsel on six occasions. Five of the meetings took place in the "bull pen" behind the courtroom and lasted only a few moments. At each of the meetings appointed counsel asked petitioner many questions which petitioner answered pertaining to the crime and petitioner's background. The sixth meeting took place on the baseball diamond at Cook County

Jail. At that time petitioner's counsel stated that he did not have time to talk to petitioner and that he would see him when he appeared in court. Petitioner stated that at the second meeting, counsel informed him that if he pleaded guilty he would be able to get into a drug abuse program at the penitentiary. During the third meeting, appointed counsel recommended that petitioner enter a plea of guilty. Petitioner stated that when his case came up in court on July 16, 1973, he had lost faith in his attorney and did not want to go to trial because he was afraid that his appointed counsel would not represent him properly. At that time petitioner entered a plea of guilty. Petitioner testified that he was pleading guilty based upon his counsel's representation that he would be admitted to the drug abuse program at the penitentiary. After being sent to the penitentiary, petitioner applied for the drug abuse program but was denied admission.

■■ Petitioner's first contention is that the trial court erred in sustaining the State's motion to dismiss his amended post-conviction petition. The common law record states that the trial judge sustained the State's motion to dismiss. However, the transcript of proceedings demonstrates that on October 3, 1974, the trial judge held an evidentiary hearing at the conclusion of which he stated, "The petition is denied." Petitioner's notice of appeal demonstrates that petitioner was appealing from an order of the circuit court of Cook County denying his post-conviction petition. The rule is well established that a report of proceedings and the common law record must be read together. (*People v. Caruth,* 4 Ill.App.3d 527, 281 N.E.2d 349.) Based upon an examination of the entire record, we conclude that the trial judge held an evidentiary hearing after which he denied petitioner's amended post-conviction petition.

Petitioner next contends that his pleas of guilty were induced by representation of his counsel that he would be admitted to the drug abuse treatment program at the penitentiary. The transcript of petitioner's pleas of guilty contradicts petitioner's allegation. Prior to accepting petitioner's negotiated pleas of guilty the trial judge informed petitioner that upon a plea of guilty he would be sentenced to a term of 4 to 8 years. Petitioner stated that he understood. The trial judge then asked petitioner if any promises other than this plea agreement had been made which caused him to enter the pleas of guilty. The petitioner replied in the negative. This statement made by petitioner at the time he entered his pleas of guilty directly contradicts his present assertion that he was pleading guilty in reliance upon the representations of his counsel that he would be admitted to the drug treatment program in the penitentiary. The rule is well established that a petitioner is not entitled to post-conviction relief on the allegation that he was improperly in-

duced to plead guilty where that allegation is directly contradicted by the transcript of his plea of guilty. *People v. Harris,* 14 Ill.App.3d 450, 302 N.E.2d 642.

■■ Petitioner's third contention is that his pleas of guilty were not voluntarily and intelligently entered because he was denied effective assistance of counsel. To establish incompetency of counsel a petitioner must establish both actual incompetence and a substantial prejudice resulting thereafter. *People v. Hrebenar,* 48 Ill.2d 100, 268 N.E.2d 869.

Petitioner argues that at the time he entered his plea of guilty he was 18 years of age and had a history of drug addiction. The record reflects that at the time petitioner entered his plea of guilty he had been incarcerated for a period of over 6 months during which he was totally without drugs. The transcript of petitioner's plea of guilty demonstrates that petitioner was at all times aware of what was occurring and answered all of the trial judge's questions in a clear and comprehensive fashion. There is nothing which would in any way indicate that at the time defendant entered his plea of guilty he was under the influence of drugs.

Petitioner argues that incompetency of his appointed counsel is demonstrated by the fact that counsel did not adequately confer with him. The record affirmatively shows that appointed counsel met with petitioner on six occasions. Five of these meetings were in the bull pen behind the courtroom and were brief. However, during each of these meetings appointed counsel interviewed petitioner as to the facts of the case and as to petitioner's background. Despite petitioner's argument that he could not adequately confer with counsel, there is nothing in the record which would in any way indicate that appointed counsel had not conferred with petitioner for a sufficient period of time so as to properly prepare the case. *People v. Santiago,* 58 Ill.2d 81, 317 N.E.2d 1.

Petitioner next argues that incompetency of his appointed counsel was established by the fact that this counsel recommended that petitioner enter a plea of guilty at the third meeting when counsel had not yet completed his investigation of the case. The fact that an attorney after evaluating the facts of the case may recommend that a plea of guilty be entered presents a tactical decision and does not in any way demonstrate incompetency of counsel. *People v. Jackson,* 47 Ill.2d 344, 265 N.E.2d 622.

Petitioner also argues that incompetency of counsel was demonstrated by the fact that appointed counsel represented to petitioner that he would receive treatment in the drug abuse program in the penitentiary. As pointed out earlier in this opinion, this allegation is directly contradicted by the transcript of petitioner's plea of guilty.

■■ Petitioner's final argument is that appointed counsel did not adequately investigate and prepare petitioner's defense. Appointed counsel on five occasions interviewed petitioner as to the facts of this case as well as petitioner's background. Prior to proceeding to trial petitioner's counsel had reviewed the entire State's file. Petitioner has failed to demonstrate how any further investigation could have enured to his benefit. After a complete review of all the proceedings we conclude that petitioner's allegations as to incompetency of his attorney, taken separately or collectively, were insufficient to require post-conviction relief. Accordingly, we conclude that petitioner's plea of guilty was knowingly and intelligently entered while petitioner was represented by competent counsel.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

·Judgment affirmed.