THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SALVADOR GALVAN, Defendant-Appellant.

First District (1st Division)   No. 79-752

Opinion filed May 19, 1980.—Rehearing denied July 21, 1980.

Sam Adam and Marvin Bloom, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Salvador Galvan, entered a negotiated plea of guilty to delivery and possession of heroin and possession of cocaine. (Ill. Rev. Stat. 1975, ch. 56½, pars. 1401(b) and 1402(b).) In accord with the terms of the agreement defendant was sentenced to 3 to 9 years in the penitentiary. Defendant's attempt to withdraw his plea was denied by the trial court. Defendant appeals contending that his motion to withdraw the plea should have been honored since the trial court had not yet formally accepted it and entered judgment thereon.

Defendant was initially charged in January 1976 with delivery of more than 30 grams of heroin, a Class 1 felony. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(a)(1).) He was also charged with possession of less than 30 grams of heroin (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)), possession of less than 30 grams of cocaine (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)), and possession of more than 500 grams of marijuana (Ill. Rev. Stat. 1975, ch. 56½, par. 704(e)). These offenses were Class 3 felonies. Numerous

continuances were granted in the matter, and defendant substituted his counsel during this period. A pretrial motion to suppress was denied in January 1979, and on February 16, 1979, defendant entered a plea of guilty.

The guilty plea was entered based on negotiations between both counsel and the court. It was agreed that the charge of delivery of more than 30 grams of heroin would be reduced to a Class 2 felony. In return defendant was to plead guilty to the reduced delivery charge and the possession of heroin and cocaine charges. It was also agreed that no judgment or finding would be entered on the plea at that time. Rather, a presentence report would be ordered and a 30-day continuance granted. If defendant did not then appear, the minimum sentence he would then receive would be 3 to 9 years, but, if defendant did appear, a 3- to 9-year term would be imposed.

The trial court also ascertained that defendant understood the nature of the charges, and the court advised defendant of possible sentences under prior and current law.[1] The trial court then informed defendant that by pleading guilty defendant would waive his right to either a jury or bench trial; that he would give up his right against self-incrimination and his right to confront witnesses; and that he would forego his right to subpoena witnesses. Defendant indicated his understanding of these matters, and he signed a jury waiver. Defendant also stated that no threats or promises had been made to induce his plea.

A factual stipulation was then entered based primarily on a transcript of a preliminary hearing at which an undercover Chicago police officer, who subsequently died, had testified.[2] The factual stipulation established that on the day in question defendant sold 558 grams of heroin to this officer for $20,000. When defendant was later arrested, he was in possession of a small amount of cocaine. In response to the court's inquiry defendant admitted his delivery of heroin and his possession of heroin and cocaine.

At the conclusion of the aforesaid proceedings the trial court allowed defendant to withdraw his plea of not guilty. The cause was continued for a presentence investigation.

On March 3, 1979, defendant, who was now represented by new counsel, filed a motion to vacate the guilty plea. In the motion defendant's counsel superficially asserted that defendant did not understand the implications of his guilty plea because his prior counsel did not properly

---

[1] At the time the offenses were committed, an indeterminate sentencing procedure existed. On February 1, 1978, Illinois adopted a determinate sentencing system. A defendant, who committed a crime before this date, but who was sentenced thereafter, as here, was entitled to elect under which law he would be sentenced. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b).

[2] Defendant had previously filed a motion *in limine* to preclude use of this transcript. The trial court denied this motion at the time defendant entered his guilty plea.

advise him of the matter. Thus, it was thereby claimed that defendant operated under a misunderstanding concerning the factual and legal matters regarding the case. Defendant further averred that he merely responded to the trial court's guilty plea admonishments as his prior counsel told him, and he did not do so voluntarily.

Several weeks later another motion to set aside the plea was filed by defendant. In this pleading defendant's new counsel asserted that the trial court had not entered judgment on his plea, thereby allowing him to plead anew. Specifically, in regard to the plea, defense counsel alleged defendant had not been advised of his right to persist in his plea of not guilty; that the State retained the burden of proof, and defendant did not have to prove anything; that defendant was innocent until proved guilty; and that defendant had a right to be free from an illegal search and seizure. Counsel claimed that the court did not inquire to determine if defendant was under the influence of drugs or liquor when he pleaded guilty. The motion also stated that defendant was confused by the trial court's combined admonishment concerning his right to a bench trial, and he was not told that he would not have any trial if he pleaded guilty.[3] A substantial portion of this later motion was devoted to an attempt to show that defendant did not understand that the preliminary hearing transcript could be introduced into evidence at trial if an adequate opportunity for cross-examination of the witness had occurred. (*People v. Horton* (1976), 65 Ill. 2d 413, 358 N.E.2d 1121.) Counsel further asserted that the officer's testimony was questionable in view of several police reports of the incident. No specifics concerning these inconsistencies were enumerated in the motion.

In affidavits defendant averred that he pleaded guilty because his retained counsel had told him that, if he did not plead guilty, he would be sentenced to 15 to 30 years; that defendant responded to the court's questions only because his counsel told him to do so; that defendant was not advised of his rights concerning introduction of the preliminary hearing transcript; and that he generally had a misapprehension of the facts and law and implications of the guilty plea which rendered his plea involuntary.

At the hearing on the motion to withdraw, counsel argued the matters contained therein. The trial court indicated that it would either accept or reject a guilty plea. The court stated that defendant's plea was not rejected, and the court had intended to accept the plea even though it had not used the term "accept." The motion to withdraw the plea was denied, and sentence in accord with the plea agreement was imposed.

---

[3] A review of the record shows that the trial court had told defendant that by pleading guilty he would give up "your right to a trial."

Defendant argues on appeal that his guilty plea should have been set aside prior to sentencing because it had not yet been formally accepted by the trial court. Defendant principally contends that judicial discretion should be liberally exercised in favor of innocence and liberty, with priority given for trial on the merits for the resolution of criminal cases. Defendant thus suggests that an abuse of discretion occurred in this case because the trial court disallowed a withdrawal of the plea before judgment was entered. Defendant also maintains that the record shows that his guilty plea was entered unknowingly and involuntarily based on reasons reiterated from his motions to withdraw the plea which we have previously mentioned.

We believe that defendant's argument concerning formal, explicit acceptance of his plea to be a semantical distinction. As the trial court noted, it was certainly its intent to accept the plea even though no formal pronouncement was made to that effect. Further, the court's failure to formally accept the plea at the time defendant entered it may be explained by the agreement with defendant that no judgment or finding would be entered at that time, but rather the proceedings would be delayed. Defendant's assertion is therefore without merit.

Defendant refers to the Federal system and says that a motion to withdraw a plea is treated liberally when presented before sentence is imposed. There a motion to withdraw a guilty plea is governed by two concepts under Rule 32(d) of the Federal Rules of Criminal Procedure. When the motion is made before sentencing, the test to be applied is that of " 'fairness and justice.' " The applicable standard for a post-sentencing motion is prevention of a manifest injustice. (*Barker v. United States* (10th Cir. 1978), 579 F.2d 1219, 1223; see also *United States v. Bradin* (8th Cir. 1976), 535 F.2d 1039, 1040; Annot. 6 A.L.R. Fed. 665 (1971).) However, a Federal court of appeals will disturb the denial of a motion for leave to withdraw a guilty plea before sentence is imposed only if there is an abuse of discretion by the trial court. *De Leon v. United States* (5th Cir. 1966), 355 F.2d 286, 289.

In *People v. Hale* (1979), 77 Ill. App. 3d 721, 396 N.E.2d 317,[4] the Fourth District Appellate Court held that a motion to withdraw a guilty plea could be considered prior to imposition of sentence. The appellate court went on to apply the standard that denial of a motion to withdraw a plea would only be set aside when an abuse of discretion is shown.

Generally, it has been stated that a plea of guilty should be allowed to be withdrawn when a defendant indicates a possible defense. (*People v. Bovinett* (1979), 73 Ill. App. 3d 833, 835, 392 N.E.2d 428.) Further,

---

[4] The State's petition for leave to appeal was granted by the Illinois Supreme Court (No. 52838).

withdrawal should be allowed when defendant's plea was based on factual or legal misapprehension or a misrepresentation of counsel or the trial court. (*People v. Ryan* (1979), 74 Ill. App. 3d 886, 890, 392 N.E.2d 1380.) However, the defendant has the burden to show the necessity of such withdrawal. *People v. Bovinett.*

■ Judged by these standards, we do not believe that defendant has established that his attempt of the withdrawal of his plea was improperly denied. Examination of the proceedings at the negotiated guilty plea proceedings clearly demonstrates defendant's understanding of the matters of which he was informed. The trial court's admonishments to defendant at that time elicited understanding responses from defendant and the inquiries were in substantial compliance with Supreme Court Rule 402 (73 Ill. 2d R. 402; *People v. Warship* (1974), 59 Ill. 2d 125, 129, 319 N.E.2d 507; *People v. Heard* (1980), 84 Ill. App. 3d 543, 406 N.E.2d 4.) Defendant's claim that he misapprehended the facts and law was merely a general allegation and appears to be related to the trial court's denial of his motion to preclude use of the deceased police officer's preliminary hearing testimony if trial on the merits occurred. Further, defendant's claim that his former attorney suggested that a longer sentence might be imposed for the greater offense if he would not plead guilty to a reduced charge does not vitiate an otherwise valid guilty plea. See *People v. Edwards* (1971), 49 Ill. 2d 522, 525, 276 N.E.2d 308.

There is no basis to conclude that the trial court abused its discretion in denying defendant's request to withdraw his guilty plea. Its judgment will therefore be affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.