THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ULYSSES GLOSTER, Petitioner-Appellant.

First District (1st Division)     No. 80-351

Opinion filed September 22, 1980.

Ralph Ruebner and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Alfred Petrocelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

After a bench trial, defendant Ulysses Gloster was convicted of attempt murder and was sentenced to a term of 4 to 12 years' imprisonment. The conviction was affirmed (*People v. Gloster* (1976), 42 Ill. App. 3d 1074) by order under Supreme Court Rule 23 (Ill. Rev. Stat. 1975, ch. 110A, par. 23). Defendant then filed a *pro se* post-conviction petition (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) and a motion to proceed *in forma pauperis* and for appointment of counsel. A public defender was appointed as his counsel. The public defender withdrew at defendant's request, and a private attorney was appointed to represent him. An amended post-conviction petition was filed. The trial court dismissed the amended petition. Defendant appeals.

At trial, the evidence established that three police officers entered a tavern in response to a radio call. When they entered the tavern they saw defendant holding a shotgun pointed in their direction. Defendant threatened to shoot if the officers took another step. As the officers retreated out of the tavern, one officer stated he heard the sound of a firing pin strike the shell, and another officer stated he heard a click. Several minutes later defendant surrendered himself unarmed to the police.

The shell was admitted into evidence. When one of the officers disassembled the weapon and examined the shell, he said he found there

was an indentation on the primer showing where it had been struck by the firing pin.

In his amended petition, defendant argued that he was denied adequate assistance of counsel at trial in that his counsel failed to object to testimony given by a police officer, who was not a ballistics expert, that after examining a shell from defendant's shotgun he found the indentation on the shell indicated the firing pin had struck the shell. We disagree.

■■ "An evidentiary hearing under the Post-Conviction Hearing Act should be granted only if the petition makes a substantial showing of a constitutional violation, and conclusional allegations are not sufficient to require an evidentiary hearing. [Citations.]" (*People v. Jones* (1977), 66 Ill. 2d 152, 157, 361 N.E.2d 1104.) A post-conviction petition is also properly dismissed if the record shows that the petition has no merit. (*People v. Jones.*) We find that defendant's post-conviction petition was properly dismissed without an evidentiary hearing.

■■ A defendant's due process guarantees are contravened if representation by court-appointed counsel demonstrates "(1) actual incompetency of counsel, as reflected by the manner of carrying out his duties as a trial attorney; and (2) substantial prejudice resulting therefrom, without which the outcome would probably have been different." (*People v. Morris* (1954), 3 Ill. 2d 437, 449, 121 N.E.2d 810; see also *People v. Logue* (1970), 45 Ill. 2d 170, 258 N.E.2d 323; *People v. Connor* (1980), 82 Ill. App. 3d 652, 402 N.E.2d 862.) The competency of counsel depends upon the particular facts and circumstances of each case which are viewed in their totality from a review of the entire record, rather than from a narrow focus upon isolated instances occurring during the course of the trial. *People v. Carter* (1980), 85 Ill. App. 3d 818, 407 N.E.2d 584.

Expert testimony is properly admissible when the subject matter is sufficiently beyond the common experience so that only persons of skill or experience are capable of forming a correct judgment as to any connected fact. (*People v. Fisher* (1930), 340 Ill. 216, 172 N.E. 743; *People v. French* (1978), 59 Ill. App. 3d 353, 375 N.E.2d 502; *People v. Carbona* (1975), 27 Ill. App. 3d 988, 327 N.E.2d 546, *cert. denied* (1976), 424 U.S. 914, 47 L. Ed. 2d 319, 96 S. Ct. 1114.) In *People v. Maxey* (1976), 37 Ill. App. 3d 905, 346 N.E.2d 51, the court found that the trial court did not abuse its discretion in admitting testimony of experiments and demonstrations when it allowed a police officer, who lacked the qualifications of a ballistics expert, to testify about the physical characteristics such as color and shape of shells found in defendant's apartment and material found in the body of the victim.

■■ ■ In this case, the observation made by the police officer that the indentation in the shell was caused when the firing pin struck the shell was not outside the realm of common experience. Further, even if testimony concerning the cause of the indentation in the shell should have been

introduced only through the use of an expert witness, viewing the facts and circumstances in their totality and not focusing only upon an isolated instance, we do not find that trial counsel's failure to object to the police officer's testimony regarding the shell's indentation was tantamount to incompetency of counsel.

The order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.