THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. CLARENCE COX, Petitioner-Appellant.

First District (5th Division)   No. 84—2382

Opinion filed September 6, 1985.

James J. Doherty, Public Defender, of Chicago (Vicki Rogers and Kendall Hill, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Karyn Stratton, and Lori Schultz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SULLIVAN delivered the opinion of the court:

Following a plea of guilty to two separate indictments of theft defendant was convicted and was sentenced to concurrent terms of seven and four years. No direct appeal was taken but defendant filed a *pro se* petition for post-conviction relief which was denied and on the appeal therefrom, in which he is represented by the Public Defender of Cook County, it is contended that the trial court erred when it dismissed his petition without specifying its reasons in a written order as required by statute. Ill. Ann. Stat., ch. 38, par. 122—2.1(a) (Smith-Hurd Supp. 1985).

During a pretrial conference, defendant sought to withdraw his plea of not guilty and enter guilty pleas to two indictments of theft.

The court informed him that the sentence for each could be anywhere from 2 to 10 years plus 1 year of mandatory supervisory release. When asked by the court whether he understood the possible sentences, defendant replied that he did. He was also given a lengthy explanation of his right to a jury trial and told that, by pleading guilty, he would be admitting the commission of the crimes and would not have a trial. After the prosecutor set forth the stipulated factual basis for the guilty pleas, defendant stated that he was pleading guilty voluntarily; that he had not been threatened or forced into pleading guilty; and that there were no other promises made to him to induce his pleas. The court, after stating that defendant had been advised and understood his rights with respect to the pleas, found that he had waived them by voluntarily pleading guilty and that a factual basis existed for them. Defendant was then sentenced as set forth above with the court specifically stating that "these two sentences are concurrent with each other ***." Defendant's *pro se* petition for post-conviction relief was dismissed without an evidentiary hearing and this appeal followed.

OPINION

Defendant contends that reversal and remandment is required because the order dismissing his petition for post-conviction relief did not specify the court's reasons therefor as required by statute. The order in question was as follows: "Whereas: the court being advised in the premises and having been supplied with a transcript of the plea of guilty before Judge Heyda on July 2, 1982, the court denies petitioner's allegations I thru VIII.[1] Therefore: The petition for post-conviction relief is denied." Defendant argues that the order did not sufficiently comply with the statute requiring in pertinent part that: "If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order specifying the findings of fact and conclusions of law it made in reaching its decision." Ill. Ann. Stat., ch. 38, par. 122—2.1(a) (Smith-Hurd Supp. 1985).

It is the position of defendant that this provision mandated that the court set forth findings of fact and conclusions of law in its dismissal order, but the State maintains that it should be interpreted as directory or permissive rather than mandatory.

We note in this regard that whether a statutory provision is interpreted as mandatory or directory depends upon the intent of the

---

[1]The petition contained eight paragraphs.

drafters. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) One indication of such intent is the language used, and, although as a general rule the use of the word "shall" is regarded as indicative of mandatory intent, such a rule is not inflexible and the interpretation also depends upon the purpose and context of the provision. *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.

> "Generally those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey no prejudice will occur to those whose rights are protected by the statute, are not commonly considered mandatory. Likewise, if the act is performed but not in the time or *in the precise* manner directed by the statute, the provision will not be considered mandatory if the purpose of the statute has been substantially complied with and no substantial rights have been jeopardized." (Emphasis added.) (1A A. Sutherland, Statutory Construction sec. 25.03, at 300 (1984); see also *Carrigan v. Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574; *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29.)

Additionally, it has been stated that statutes intended to be mandatory will prescribe the result that will ensue if the specified procedure is not followed whereas directory statutes are limited to what is required to be done. *Walker v. Cronin* (1982), 107 Ill. App. 3d 1053, 438 N.E.2d 582, citing 2A A. Sutherland, Statutory Construction sec. 57.08 (1984).

Our research here has disclosed no legislative history with respect to this provision, but it is our view that the language itself does not provide strong support for a mandatory construction. The statute does not say "shall *not* dismiss the petition *unless* the written order specifies," nor does it say "*shall* dismiss the petition in a written order which *shall* contain its findings of fact and conclusions of law." Thus, any mandatory effect which may have been intended by the legislature with respect to the dismissal itself does not necessarily apply to that part of the statute which refers to the content of the order. Rather, it is our belief that the provision requiring findings is not of the essence of the thing to be done—the dismissal of the petition—but was a direction given merely as a view to the prompt, orderly and proper conduct of the court's business. Thus, under the reasoning of *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574, the provision would be directory. This interpretation is further supported by the lack of prejudice suffered by petitioner. Dur-

ing oral argument before us, his counsel could not point out the manner in which a defendant would be harmed where specific findings are not made. He suggested only that the findings were mandated for the benefit of the reviewing court. We find no merit in this suggestion. It should be noted that while the reasoning of the trial court might be helpful upon appeal, the reviewing court must determine whether there is record support for the trial court's reasoning, and even if there is not, it may affirm on any proper basis appearing in the record (see *Shanahan v. Schindler* (1978), 63 Ill. App. 3d 82, 379 N.E.2d 1307; *People v. Gardner* (1977), 56 Ill. App. 3d 606, 371 N.E.2d 1164). A reviewing court could, of course, if it was deemed necessary, remand for a specification of the trial court's findings, but because we see no such necessity here, we believe reversal would be inappropriate solely because they were not included in the court's dismissal order.

■ It should be noted also that the substantial rights of a petitioner are not affected since the dismissal of a post-conviction petition is subject to review. It would be a final judgment (Ill. Ann. Stat., ch. 38, par. 122—2.1(a) (Smith-Hurd Supp. 1985)), and "[a]ny final judgment entered upon such petition shall be reviewed in a manner pursuant to the rules of the Supreme Court." (Ill. Rev. Stat. 1983, ch. 38, par. 122—7.) In the light of the foregoing, we find that the statutory provision in question here is directory rather than mandatory.

Moreover, even if we were to interpret the statute as mandatory, a flexible interpretation of the content requirement itself would be more appropriate. In the context of frivolous petitions, we believe it would be sufficient for the trial court to give some indication of the basis for its decision, and we note that counsel for petitioner suggested at oral argument that an appropriate order might have merely stated that, upon review, there was no basis for the allegations. Here, then, where the trial court order stated that it denied the allegations in the petition after being provided with the transcript of the change of plea proceeding which effectively negated all of petitioner's allegations, it is our view that the order substantially complied with the statutory directive.

We note the additional argument of the State that an interpretation of the statute as mandatory rather than directory would cause it to run afoul of the constitutional principle of separation of powers. (See *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855; see also *People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307; see generally 2A A. Sutherland, Statutory Construction sec. 57.16 (1984), because the General Assembly has the power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent

powers of the judiciary (*People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307).) However, in the light of our finding that the pertinent part of the statute is directory, it is not necessary to reach the constitutional question.

■ Although defendant fashions his appeal to be solely a procedural one involving the sufficiency of the trial court order, he also argues that his petition was based on evidence outside the record and that, because he made a substantial showing that his constitutional rights were violated, he should have had an evidentiary hearing. It is well established, however, that "[m]ere conclusory allegations that constitutional rights have been violated are insufficient to entitle petitioner to an evidentiary hearing. [Citation.] The petition or accompanying affidavits must identify with reasonable certainty the sources, character and availability of the alleged evidence supporting the petitioner's allegations. [Citations.]" (*People v. Graham* (1977), 48 Ill. App. 3d 689, 692, 363 N.E.2d 124, 127.) Here, petitioner made only vague allegations and conclusions which did not constitute a substantial showing of a constitutional violation.

Furthermore, a post-conviction hearing is properly dismissed if the record shows that the petition has no merit (*People v. Gloster* (1980), 89 Ill. App. 3d 250, 411 N.E.2d 891), and here we note that all allegations in defendant's petition were negated by his responses to the court's questions at the time the change of plea was accepted. Defendant alleged that he had maintained his innocence "throughout the trial" and was coerced into pleading guilty by the prosecutor and defense counsel. During questioning by the trial court, however, he answered that he understood he was pleading guilty to commission of the crimes and that he was doing so voluntarily without having been threatened or otherwise forced to do so. The Illinois Supreme Court has held that such representations show the absence of coercion. "[F]rom the record itself there is no doubt that defendant acted with full understanding at every stage of the proceeding and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise." *People v. Spicer* (1970), 47 Ill. 2d 114, 119, 264 N.E.2d 181, 184; see also *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327.

■ Moreover, while it has been recognized that a petitioner's original representation that his plea was not induced by threats may not always be sufficient to counter his post-conviction contention (see *People v. Crislip* (1974), 20 Ill. App. 3d 175, 312 N.E.2d 830), the circumstances relied upon by the court in *Crislip* are not present here. In *Crislip*, threats were allegedly made by the sheriff's department

rather than by the prosecutor or defense counsel and the court found that fear of such threats did not end with judgment and sentencing as would be the case where a petitioner alleged coercion by the attorneys involved in the case. Petitioner's conclusory reference here to coercion, including his statement, unsupported by an affidavit that his defense counsel would testify concerning coercion did not sufficiently establish a basis for an evidentiary hearing. (See *People v. Williams* (1972), 52 Ill. 2d 466, 288 N.E.2d 353; *People v. Reed* (1967), 36 Ill. 2d 358, 223 N.E.2d 103.) Although defendant alleged that his attorney terrorized him with the possibility of an extended term, it is well established that an attorney's suggestion that a longer sentence could be imposed if he did not plead guilty does not invalidate a guilty plea. *People v. Galvan* (1980), 85 Ill. App. 3d 800, 407 N.E.2d 558, *cert. denied* (1981), 450 U.S. 1001, 68 L. Ed. 2d 204, 101 S. Ct. 1710, citing *People v. Edwards* (1971), 49 Ill. 2d 522, 276 N.E.2d 308.

■ Defendant's petition also alleged that the trial court, the prosecutor and defense counsel promised that he would be sentenced to a drug abuse program rather than to prison. The transcript clearly indicates, however, that he was ineligible for such a program because he was technically still incarcerated under another sentence, having committed the instant crimes while on work release. Defense counsel then suggested that petitioner be placed in some type of drug program in either a medium or minimum-security prison. The trial judge agreed to make such a recommendation but specifically warned petitioner that he did not know whether the prison officials would follow his recommendation. Clearly, the record indicates that no promises were made to petitioner regarding a drug abuse program.

In his petition defendant additionally alleged that his counsel and the prosecutor "promised" that his sentences for theft were to run concurrent with the four-year sentence already being served. However, it is well established that a petitioner is not entitled to post-conviction relief on allegations directly contradicted by the record. (See *People v. Ferrance* (1975), 32 Ill. App. 3d 358, 336 N.E.2d 532.) During the pretrial negotiations here, defense counsel told the court that defendant wanted to know whether his sentences in this case would be concurrent to the sentence he was already serving. At the request of defense counsel, the discussion on this point was held off the record, apparently because it was still part of the pre-trial conference. After the discussion, defense counsel stated that "[w]e are prepared to plead on these two cases for seven years without regard to the other case." The court then asked defendant, who had been present during the discussions, whether he understood that he would be given

"seven years in the Illinois Department of Corrections concurrent on these two cases." Defendant answered in the affirmative and also that he desired this arrangement. Later in the proceeding, defendant answered that no other promises had been made to induce him to plead guilty. After he was sentenced, the court made the additional statement that "these two sentences are concurrent with each other." Petitioner was clearly adequately informed with respect to the sentencing arrangement, and there is no record support of any promise that his sentences would be concurrent with that which he was then serving.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

MEJDA, P.J., and LORENZ, J., concur.