THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE WOODS, Defendant-Appellant.

First District (1st Division)   No. 84—1859

Opinion filed March 24, 1986.

James J. Doherty, Public Defender, of Chicago (Karen Tietz, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas P. Needham, Assistant State's Attorney, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal involves the question of whether the trial court erred where it summarily dismissed defendant's petition for post-conviction relief without either entering a written order giving reasons pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)) or giving any other indication as a basis for its decision. We believe that it did, and accordingly, we reverse.

After a jury trial, defendant, Joe Woods, was convicted of rape and kidnaping and sentenced to 20 years in the Illinois Department of Corrections. On May 31, 1984, defendant filed a post-conviction petition, alleging, among other things, that he was entitled to a new trial based on newly discovered physical evidence, which included two sworn affidavits, one which would corroborate the testimony of defendant's alibi witness at trial, and another from defendant's brother, stating that at the time of the alleged crime, he had sole possession of the automobile in which the victim was allegedly being kidnaped. In addition, defendant sought to introduce a newly discovered arrest record for the victim from the State of Ohio which, he claims,

could have been used to impeach the victim's testimony at trial. Defendant also alleged that none of the above-mentioned evidence could have been discovered earlier through the exercise of diligence.

On July 2, 1984, a hearing was had on defendant's petition, during which the following exchange took place between the court and an assistant public defender:

"MS. De FRANCO: For the record, Joe Woods is a Post Conviction case in [*sic*] which your Honor handed to me last week to read. I have read this post conviction brief filed by the defendant, Joe Woods, from the penitentiary, and I do not find a cause of action.

THE COURT: P. C. dismissed."

Defendant's sole contention on appeal is that where a trial court finds a post-conviction petition to be frivolous and patently without merit, section 122—2.1(a) mandates that the court make such findings and specify its reasons in a written order. That section provides:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant of this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

Initially, we note that the identical argument was dealt with most recently and rejected by the appellate court in *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422, *appeal denied* (1985), 111 Ill. 2d 558. In that case the defendant was convicted of two counts of theft, based on his plea of guilty. He subsequently filed a *pro se* post-conviction petition challenging the validity of his guilty plea, which the trial court dismissed without an evidentiary hearing. The appellate court in *Cox* considered both the purpose and the context of section 122—2.1(a) and concluded that the provision was merely directory or permissive, rather than mandatory, citing *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, and *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574.

The court in *Cox* went on to state its belief that in the context of frivolous post-conviction petitions, it would be sufficient for the trial court to give some indication of the basis for its decision. (*People v. Cox* (1985), 136 Ill. App. 3d 623, 627.) The order in question stated: "Whereas: the court being advised in the premises and having been

supplied with a transcript of [defendant's] plea of guilty *** the court denies Petitioner's allegations I through VIII." The appellate court concluded that the trial court's statement had substantially complied with the statutory directive, where the court indicated its consideration of petitioner's post-conviction allegations within the context of the guilty plea proceeding. The court also noted that where, as in the case before it, the record shows a post-conviction petition to be without merit, a post-conviction hearing is properly dismissed. *People v. Cox* (1985), 136 Ill. App. 3d 623, 628, citing *People v. Gloster* (1980), 89 Ill. App. 3d 250, 411 N.E.2d 891.

The facts in the instant case differ significantly from these before the court in *Cox*, in that the record before us demonstrates neither "substantial compliance" by the trial court with the statutory directive of section 122–2.1(a), nor any independent consideration whatsoever by the court with regard to the allegations set forth in defendant's post-conviction petition.

This cause is therefore reversed and remanded, with directions to make an independent determination of the validity of defendant's petition and for any further proceedings that are deemed necessary and consistent with the views stated herein.

Reversed and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.