**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190686-U

Order filed September 16, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0686 Circuit No. 12-CF-767 |
| RICKY LEE LOBDELL, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Peterson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court committed error by summarily dismissing defendant's postconviction petition and not addressing all of defendant's claims in its order.

¶ 2    Defendant, Ricky Lee Lobdell, appeals from the Peoria County circuit court's summary dismissal of his postconviction petition, arguing that the court entered an improper partial summary dismissal. We reverse and remand.

¶ 3                                   I. BACKGROUND

¶ 4    A grand jury indicted defendant on three counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2012)). After a bench trial, the circuit court found defendant guilty of all three counts on November 14, 2014. Defendant received a natural life sentence.

¶ 5    Defendant appealed his conviction, arguing that the State's use of prior crimes evidence at trial was improper and that he received ineffective assistance of counsel due to counsel's failure to file various motions on defendant's behalf. This court affirmed the decision by the circuit court to allow admission of prior crimes evidence but remanded the case for further inquiry into the claims defendant made regarding the ineffective assistance of counsel. *People v. Lobdell,* 2017 IL App (3d) 150074. The circuit court held a preliminary *Krankel* inquiry where defendant claimed his trial counsel failed to file various motions, including a motion to quash his arrest. Trial counsel stated that his decision not to file defendant's requested motions was trial strategy. The circuit court held there was no merit to the ineffective assistance of counsel claim and that defendant had not met the requirements for a full *Krankel* hearing. This court affirmed the circuit court's decision and further held that even if defendant demonstrated ineffective assistance, he could not demonstrate prejudice under the second prong of the *Strickland* test. *People v. Lobdell*, 2019 IL App (3d) 180385.

¶ 6    On August 12, 2019, defendant filed a postconviction petition. The petition alleged that: (1) the State knowingly allowed a detective to commit perjury concerning whether defendant was arrested when he was questioned; (2) the State erred by failing to disclose a police report documenting defendant's arrest; (3) defendant's prior conviction and victim statement was improperly disclosed to the grand jury; (4) defense counsel was ineffective when he stipulated to DNA evidence; (5) defense counsel coerced a jury waiver from defendant; (6) this court wrongfully decided defendant's prior *Krankel* and probable cause issues; (7) defense counsel

2

was ineffective for waiving a probable cause hearing; (8) defendant was not properly advised of his *Miranda* rights when the police questioned him; and (9) defendant was not notified prior to trial that his prior convictions would be used to give him an extended-term sentence.

¶ 7        The circuit court issued a written order that summarily dismissed the petition on October 29, 2019, finding it to be frivolous and patently without merit. In the order, the court stated that "[u]pon a complete first stage review of these pleadings, the entire trial court record, the prior appellate court history of this case, and pertinent case law, this court does FIND said PCP to be frivolous and patently without merit, for one or more of the following reasons[.]" The court then addressed the first five claims in defendant's petition, finding them to be without merit. The court did not discuss the remaining four claims. Nothing in the record provides additional insight into the court's reasoning.

¶ 8                                          II. ANALYSIS

¶ 9        On appeal, defendant contends that the circuit court erred in failing to enter a written order that contained specific factual findings and legal conclusions for every claim in his petition when dismissing it. Defendant argues that the failure to address the last four claims of his petition indicates that the court failed to read the entire petition and therefore could not have dismissed those claims.

¶ 10       We note that defendant does not argue the merits of his petition on appeal. Defendant strictly argues his postconviction petition must be remanded to the circuit court for second-stage proceedings due to the circuit court's failure to dismiss all claims within 90 days of receipt of his petition. Therefore, we only address the issue brought on appeal and not the merits of defendant's claims in his petition.

3

¶ 11    Section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) directs the court to provide a written order specifying its findings of fact or conclusions of law to facilitate appellate review of the dismissal. 725 ILCS 5/122-2.1(a)(2) (West 2018). The statute provides that if "the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." *Id.* The use of the term "shall" does not refer to the contents of the court's order of dismissal itself, but rather to the court's duty to dismiss a petition if it is frivolous or patently without merit. *People v. Cox*, 136 Ill. App. 3d 623, 626 (1985). We review the summary dismissal of a postconviction petition *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 12    The Act does not authorize partial dismissals. *People v. Patton*, 315 Ill. App. 3d 968, 975 (2000). The Act is "in essence, an all-or-nothing statute." *Id.* at 974. If any claim in the petition has merit, the circuit court must docket the case and appoint counsel who can review and amend the petition if necessary. *People v. Noel*, 291 Ill. App. 3d 541, 544 (1997). Allowing a partial dismissal hinders the judicial review process, as first stage dismissals are final and appealable judgments. *Rivera,* 198 Ill. 2d at 372. "In the interest of judicial economy, and to avoid piecemeal litigation, trial judges should refrain from entering partial summary dismissals." *Noel*, 291 Ill. App. 3d at 544.

¶ 13    Although the circuit court's reasons for dismissing a postconviction petition assist this court in its decision, we review the circuit court's judgment, not the reasons given for the judgment. *People v. Porter*, 122 Ill. 2d 64, 82 (1988). A summary dismissal order essentially denies all requests in defendant's prayer for relief, and the reasons specified in the dismissal order provide clarity for the parties and the reviewing court. *People v. Harris*, 224 Ill. 2d 115, 139 (2007). The provision of the statute calling for the circuit court to specify its findings of fact

4

and conclusions of law in the written dismissal order of a postconviction petition is directory rather than mandatory. *Cox*, 136 Ill. App. 3d at 626. When entering a dismissal order, "the court is not required to provide a written response to each and every specific claim that is presented within a postconviction petition." *People v. Maclin*, 2014 IL App (1st) 110342, ¶ 27. However, the failure to include specifics in the written order does require reversal if the order is unclear. *Cox*, 136 Ill. App. 3d at 626. In such a situation where no formal determination is issued on all claims raised, the case should be remanded for further proceedings. *People v. Edwards*, 291 Ill. App. 3d 476, 486 (1997).

¶ 14 Here, defendant argues that because the circuit court did not discuss each claim raised in the postconviction petition in the dismissal order, this court cannot presume that the circuit court dismissed the entire petition. We do not find so broad a conclusion warranted here; as indicated in the preceding paragraph, the court is not required to respond in writing to every claim in the petition. We do, however, find that the order is unclear, requiring reversal and remand. The trial court's written order expressly limited its grounds for dismissal to "one or more of the following reasons." Those reasons related to only five of the nine claims asserted by defendant; the order is silent on the court's assessment of defendant's remaining four challenges. The court's explanation for dismissing the first five claims clearly indicates that it properly considered them before determining they lacked merit. The same cannot be said for the last four claims. Because the record before us provides neither evidence that the court assessed those four claims nor the reasons, if any, for its putative rejection of them, we cannot assume a valid basis for their dismissal. Accordingly, the case is remanded for further consideration and clarification.

¶ 15                                    III. CONCLUSION

¶ 16    The judgment of the circuit court of Peoria County is reversed and remanded with directions to make formal determinations on the validity of defendant's claims and for any further proceedings that are deemed necessary.

¶ 17    Reversed and remanded.